

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4142
Re: Whether the insurance pol-
icies forming the res of
the trust in the A. Schwartz
Estate are subject to pay-
ment of inheritance tax.

We are in receipt of your letter of May 4, 1942,
in which you request the opinion of this department as to
the taxability of the above mentioned trust funds.

The facts as appear from your letter and the en-
closed copy of the trust instrument are as follows: In 1935
A. Schwartz created an irrevocable trust in favor of named
beneficiaries who were his three children. The grantor assign-
ed insurance policies with a maturity value of $150,000.00 to
the trustees having the policies made irrevocably payable to
them and reserving no control over them or their cash sur-
render value. The trustees assumed no obligation to pay
policy premiums and are only obligated for the safe keeping
of the policies and distribution of the proceeds on or after
the death of the grantor. On death of the grantor the trus-
tees are given authority to collect the proceeds of the pol-
icies and in their discretion either pay the corpus of the
trust over to the beneficiaries or invest under expressed
provisions of the trust for a definite period of years, dis-
tributing annually the income to each of the beneficiaries.
During this period the trustees are given authority at any
time to withdraw and distribute any part of the corpus of
the trust as they may consider to be to the best interest
of the beneficiaries. Article XIII of the trust instrument
provides for the following contingency:

"In the event any of the beneficiaries here-
inafter named die before coming into possession
of the entire principal and corpus of his or her
trust estate, the same and the income therefrom,
shall be thereafter held, distributed, paid, de-
livered and transferred as hereinabove provided,
as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

"(a) In the event of the death of any of the beneficiaries, unmarried or not having child or children surviving him, if married, then his share in the trust estate shall go to the surviving beneficiary or beneficiaries, share and share alike if either or both of the other beneficiaries survive. If there are no surviving beneficiaries and no surviving child or children of the beneficiaries, then the trust estate shall pass according to the last will and testament of the last surviving beneficiary, or according to the laws of descent and distribution if he dies without will.

"(b) In the event said deceased beneficiaries shall have been married and leave a child or children surviving him, then instead of the deceased beneficiaries' share being administered for the benefit of the other beneficiaries, it shall be administered and belong to the surviving child or children, share and share alike."

As to the taxability of this trust the following questions have been submitted:

"(1) Are the proceeds of the insurance policies placed in trust, less the statutory exemption, taxable under the Texas Inheritance Tax law?

"(2) If it be shown that the beneficiaries under the trust paid the premiums on the insurance policies after same were placed in trust, what effect would this have upon the taxability of the proceeds collected thereunder?

"(3) Would the beneficiaries be entitled to an exemption on the insurance policies equal to the cash surrender value of said policies at the time said policies were transferred to the trust?"

Article 7117, Revised Civil Statutes, as amended in 1939 provides:

Honorable George H. Sheppard, Page 3

"All property within the jurisdiction of
this State. . . including the proceeds of life
insurance . . . to the extent of the excess
over Forty Thousand Dollars ($40,000) of the
amount receivable by all other beneficiaries
as insurance under policies taken out by the
decedent upon his own life . . . which shall
pass absolutely or in trust by will or by the
laws of descent or distribution of this or any
other State, or by deed, grant, sale or gift
made or intended to take effect in possession
or enjoyment after the death of the grantor or
donor, shall, upon passing to or for the use
of any person, corporation or association, be
subject to a tax. . ."

Let us consider the nature of the interests of
the beneficiaries under the insurance trust created by Mr.
A. Schwartz in 1935. Prior to the death of the settlor in
1941, the beneficiaries each had a one third interest in
the ultimate proceeds of the insurance policies placed in
trust, subject, however, to complete defeasance until the
distribution of the proceeds by the trustees after the
death of the settlor. If any one of the beneficiaries died
during the life of the settlor without issue, his interest
was defeated. During this period the beneficiaries had no
right to the proceeds or enjoyment of the property in the
insurance policies. It is not until the distribution of
the proceeds of the policies by the trustees in accordance
with the terms of the trust, after the death of the settlor,
that the interests of the beneficiaries become indefeasibly
vested. Certainly the grant to the beneficiaries could not
"take effect in possession or enjoyment" until "after the
death of the grantor."

It is clear, that upon the creation of this in-
surance trust in 1935, the settlor divested himself of all
interest in and control over the insurance policies and
their proceeds. The proceeds of insurance policies were
made subject to the payment of inheritance taxes in Texas
for the first time by the 1939 amendment to Article 7117,
H. B. No. 990, Section 1, Acts 1939, 45th Legislature,
quoted in part above. If the incidence of the Texas in-
heritance tax were upon the transfer of property by the
decedent as is the case of the federal estate tax, no tax
could be levied in this instance--for to do so would give

a retroactive effect to the 1939 amendment, since the
transfer of all the decedent's interest took place upon
the creation of the trust in 1935. Lewellyn v. Frick
(1925) 268 U. S. 238, 69 L. Ed. 934, 45 S. Ct. 487; Bing-
ham v. U. S., 296 U. S. 211; Industrial Trust Co. v U. S.,
296 U. S. 220; Helvering v. Helmholz, 296 U. S. 93. Such
is not, however, the nature of the Texas inheritance tax.
It does not tax the transfer of property by the decedent,
but rather the privilege of the beneficiary to receive
the property. This distinction between the Federal estate
tax and the Texas inheritance tax was clearly enunciated
by Judge Blair for the Austin Court of Civil Appeals in
Bethea v. Sheppard (1940), 143 S. W. (2d) 997 (writ of
error refused) at page 1002:

> "We do not regard as necessary a lengthy
> discussion of the distinction recognized by
> the authorities between the federal estate tax
> and the inheritance or succession tax levied
> by the various states. Suffice it to say that
> the federal estate tax is imposed upon the right
> of grantor or transferor to transfer property,
> and that the inheritance or succession tax by
> the State is imposed upon the right to receive
> or succeed to the possession or enjoyment of
> property. Nor is it necessary to discuss the
> conflict of authorities with respect to the dis-
> tinction as to these two forms of taxes. Under
> the Federal Estate Tax Law, the primary ques-
> tion to determine is when the decedent or grant-
> or parted with all property rights, Under our
> State Inheritance or Succession Tax Statute,
> the primary question is whether the transfer
> was made or intended to take effect in posses-
> sion or enjoyment after the death of grantor
> or settlor, particularly in cases of transfer
> of property in trust. It is not a question of
> when the beneficial interest is created, but
> the tax is imposed upon the right to receive
> in possession or enjoyment after the death of
> grantor or settlor. In consequence, a grantor
> or settlor may create an irrevocable trust dur-
> in his lifetime, still if he postpones the
> right of possession or enjoyment of the bene-
> ficiary until after grantor's death, the prop-
> erty or any interest therein is subject to the

inheritance or succession tax at or after his
death. Under our statute, where either 'pos-
session' or 'enjoyment' is made contingent upon
the death of grantor or settlor of all or any
part of the trust estate, such transfer is taxa-
ble."

The above quotation, discussing as it does, the
general principles of the application of the Texas Inherit-
ance Tax Law to inter vivos trusts whereby the settlor post-
pones until after his death, the beneficiary's possession
and enjoyment, seems to compel the conclusion that the in-
surance trust in the instant case is taxable, since here,
not merely the coming into possession and enjoyment by the
three beneficiaries, but also the indefeasible vesting of
their respective interests cannot take place until after
the death of the settlor. The opinion in the Bethea case
applies with even greater particularity to the instant
case; in fact, sounds almost descriptive of it, when it
discusses the provisions of the trust there envolved, at
page 1001:

"That is, we construe the instrument as
conclusively showing the intention of grantor
or settlor to withhold the full or complete
possession or enjoyment of the trust estate, ex-
cept the annuity payable to appellant primarily
out of the revenues, from appellant until after
the death of grantor, or until eight years
after her death. The trust instrument express-
ly provides that the 'remainder' of the estate
'shall not be distributed' during the lifetime
of grantor, and not 'until the expiration of
eight years after her death'. The transfer
or right of possession or enjoyment of the re-
mainder of the trust estate was made contin-
gent upon appellant's surviving the grantor,
which necessarily fixed appellant's right at
or after the death of grantor. . . Thus the
trust instrument expressly provided that the
death of the grantor must in all events occur
before the remainder of the estate can take ef-
fect in possession or enjoyment in appellant,
the beneficiary. And thus the trust instrument

Honorable George H. Sehppard, Page 6

by its own terms brings the instant case square-
ly within the statute, which does not impose the
tax on the transfer of the property, nor on the
passing of the property from the grantor, nor
on the right to become beneficially interested
in the property, but imposes the tax upon the
passing of the property or interest therein when
'made or intended to take effect in possession
or enjoyment after the death of the grantor'.
In other words, the thing burdened with the tax
is the right to receive or the right of succes-
sion as distinguished from the right of transfer.
State v. Hogg, 123 Tex. 568, 70 S. W. (2d) 699,
72 S. W. 2nd 593."

Applying the above construction of the Texas In-
heritance Tax Law to the instant case, it follows that the
taxable event, (i.e. the accrual of the respective benefi-
ciaries' rights to receive the proceeds) takes place after
the death of the settlor, which occurred in 1941, and there-
fore no retroactive effect is given to the 1939 amendment
in applying it in this case.

As said by Mr. Justice Stone, speaking of a state
inheritance tax such as ours, in Saltonstall v. Saltonstall
(1928), 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565:

"So long as the privilege of succession
has not been fully exercised it may be reached
by the tax.  See Cahen v. Brewster, 203 U. S.
543; Orr v. Gilman, 183 U. S. 278; Chanler v.
Kelsey, 205 U. S. 466; Moffitt v. Kelly, 218
U. S. 400; Nichel v. Cole, 256 U. S. 222."

In Cahen v. Brewster, cited above, the United
States Supreme Court sustained a Louisiana inheritance tax
levied upon the estate of a decedent who died prior to the
passage of the taxing act, but before distribution of the
property. Mr. Justice McKenna, in that opinion, declared,
at page 551:

"There is nothing in those cases which re-
strains the power of the State as to the time
of the imposition of the tax.  It may select
the moment of death, or it may exercise its
power during any of the time it holds the prop-
erty from the legatee. 'It is not', we said in

Honorable George H. Sheppard, Page 7

the Perkins case,'until it has yielded its contribution to the State that it becomes the property of the legatee.'"

Bogert in his work on "Trusts and Trustees", Vol. 2, Sec. 281, makes the following statement as to the taxability of trusts created prior to the passage of the tax law, in which the beneficiaries' interests are subject to defeasance until after the death of the settlor:

"But, if such remainder, though technically vested were subject to defeasance at the time the tax statute came into effect, the weight of state authority sustains the validity of the tax, whether the remainder were defeasible by failure of the remainderman to survive the death of the life tenant or the settlor."

In Helvering v. Hallock (1940), 309 U. S. 106, 60 S. Ct. 444, 84 L. Ed. 604, 125 A. L. R. 1368, the United States Supreme Court held that an irrevocable inter vivos trust was subject to the federal estate tax upon the death of the settlor, where his death extinguished a possibility of reverter in him—as constituting a transfer "intended to take effect in possession or enjoyment at or after his death." If the extinguishment of a possibility of reverter at the settlor's death constitutes a "taxable event under the federal estate tax,which looks to the transfer from the decedent as the incidence of the tax—certainly the extinguishment of a possibility of defeasance of the beneficiaries' interests under a trust, would constitute a taxable event under the Texas inheritance tax, which looks to the receipt of property by the beneficiary as the incidence of the tax.

The Supreme Court of Connecticutt in discussing the incidence of the inheritance tax of that State in Topping v. McLaughlin (1939) 6 Atl. (2d) 343, declared:

"It applies to transfers wherein the death of the settlor is a factor in the devolution of the use or enjoyment of the property. It is intended to reach a shifting of the enjoyment of property--economic benefits or economic interests therein--which bears a distinct and necessary relation to the death of the settlor."

And as said in Re Hollander's Estate, 123 N. J.
Eq. 52, 195 A. 805, 808, quoted with approval in Bethea v.
Sheppard, 143 S. W. (2d) 997, 1002:

"The test of taxability is not the time
of the complete divesting of the transferor's
interest or ownership; it is the time of the
complete succession by the transferee. Where
there is a transfer of a specific interest in
property and the succession of the transferee
does not become, and under the terms of the
transfer is not to become complete until a time .
at or after the death of the transferor, that
transfer is taxable. 'The distinction . . .
rests on . . . whether the donee is deprived
of an interest of some kind . . . until the
donor's death.'"

Under the authorities and for the reasons herein-
above discussed, in answer to your first question, it is our
opinion that the proceeds of the life insurance policies
placed in trust by Mr. A. Schwartz in excess of $40,000.00
are subject to the inheritance tax imposed by Article 7117,
R. C. S., as amended in 1939.

Your second question, relating to the effect upon
the taxability of the proceeds of the policies, if it be
shown that the beneficiaries paid the premiums since the
creation of the trust in 1935, is substantially the same
as that involved in Hansen v. Blackmon, recently decided
by the El Paso Court of Civil Appeals in which application
for writ of error is now pending before the Texas Supreme
Court. Until the Supreme Court passes on this question,
we do not consider it proper for us to attempt to answer
it.

For the reasons discussed above, it is our opin-
ion that your third question should be answered in the nega-
tive; i.e. that the beneficiaries are not entitled to an
exemption on the insurance policies equal to the cash sur-
render value of said policies at the time said policies
were transferred to the trust. Since the transfer of the
policies to the beneficiaries, distinguished from the trus-
tees, under the terms of the trust, does not become complete

until after Mr. A. Schwartz's death, the surrender value of the policies as of the date of the creation of the trust can have no significance for inheritance tax purposes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Joseph E. Jackson*
Joseph E. Jackson

By *Walter R. Koch*
Walter R. Koch
Assistant

WRK:LM

APPROVED AUG 31, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN